QIANWU YANG  (Cal. Bar No. 336610)
yang@shm.law
YI YI (Cal. Bar No. 353482)
yi.yi@shm.law
**SHM LAW FIRM**
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737

Jing Chen (State Bar No. 357313)
chenjingitc@lantai.cn
LANTAI PARTNERS (QIANHAI) LAW
FIRM T1-702A, Qianhai Kerry Centre,Qianhai
Blvd, Qianhai Shenzhen-Hong Kong Modern
Service Industry Cooperation
Zone, Nanshan ,Shenzhen, China 518052
Telephone: +86 135 2872 3799

*Attorney for Plaintiffs*
*Shenzhen Kelaisiman Trading Co., Ltd.,*
*Shenzhen Chengmin Tax Agency Co., Ltd.,*
*Shenzhen Haoke Health Technology Co., Ltd.,*
*Lishui Tianque New Energy Technology Co., Ltd.,*
*Yongkang Tiange Technology Co., Ltd.,*
*Shenzhen Aifeier Medical Technology Co., Ltd.,*
*Yongkang Jiankang Freight Co., Ltd., and*
*Yongkang Baicongyu Trading Co., Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shenzhen Kelaisiman Trading Co., Ltd., Shenzhen Chengmin Tax Agency Co., Ltd., Shenzhen Haoke Health Technology Co., Ltd., Lishui Tianque New Energy Technology Co., Ltd., Yongkang Tiange Technology Co., Ltd., Shenzhen Aifeier Medical Technology Co., Yongkang | CASE NO. **COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF** DEMAND FOR JURY TRIAL |

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF          - 1 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1  Jiankang Freight Co., Ltd., and
   Yongkang Baicongyu Trading Co.,
2  Ltd.,

3              Plaintiffs,

4              v.

5  Hyperice IP Subco LLC and Hyperice
   IP Topco LLC,
6
               Defendants.
7

8         Plaintiffs Shenzhen Kelaisiman Trading Co., Ltd., Shenzhen Chengmin Tax

9  Agency Co., Ltd., Shenzhen Haoke Health Technology Co., Ltd., Lishui Tianque

10 New Energy Technology Co., Ltd., Yongkang Tiange Technology Co., Ltd.,

11 Shenzhen Aifeier Medical Technology Co., Ltd., Yongkang Jiankang Freight Co.,

12 Ltd., and Yongkang Baicongyu Trading Co., Ltd. (collectively, "Plaintiffs"), hereby

13 file this Complaint against Defendants Hyperice IP Subco LLC and Hyperice IP

14 Topco LLC (collectively, "HYPERICE"), and allege as follows:

15                    **NATURE OF THE ACTION**

16        1.    This action arises under the Declaratory Judgment Act, 28 U.S.C. §

17 2201 *et seq*., and the United States Patent Act, 35 U.S.C. § 1 *et seq.* Plaintiffs seek

18 declaratory judgments that U.S. Patent No. 12,208,052 ("the '052 Patent") is not

19 infringed by Plaintiffs' products ("Non-Infringing Products"). True and correct copy

20 of the '052 Patent is attached hereto as Exhibit 1.

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF                    - 2 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

2.     This action further arises under the laws of the state of California. Plaintiffs seek an order remedying HYPERICE's tortious interference and unfair competition.

## PARTIES

3.     Shenzhen Kelaisiman Trading Co., Ltd. is a Chinese company, with a principal place of business at Rooms 1306–1307, Zhenqian Building, No. 80 Longhua Industrial Road, Longhua Street, Longhua District, Shenzhen, China.

4.     Shenzhen Chengmin Tax Agency Co., Ltd. is a Chinese company, with a principal place of business at Unit C-410, Chuangke Park, Songbai Road, Longhua Street, Longhua District, Shenzhen, China.

5.     Shenzhen Haoke Health Technology Co., Ltd. is a Chinese company, with a principal place of business at Room 17B, Nanyuan Maple Leaf Building, No. 1088 Nanshan Avenue, Nanshan District, Shenzhen, China.

6.     Lishui Tianque New Energy Technology Co., Ltd. is a Chinese company, with a principal place of business at Fifth Floor, Factory Building No. 3, Small and Micro Park, Phase II, East Expansion Block (Hongshi Block), Lishui High-Tech Zone, Xinbi Street, Jinyun County, Lishui, Zhejiang, China.

7.     Yongkang Tiange Technology Co., Ltd. is a Chinese company, with a principal place of business at Fourth Floor, Factory Building No. 1, No. 17 Jinshan East Road, Economic Development Zone, Yongkang, Jinhua, Zhejiang, China.

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF                          - 3 -

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1      8.     Shenzhen Aifeier Medical Technology Co., Ltd. is a Chinese company,

2 with a principal place of business at Room 715, Xinting Building, No. 38 Xinhe

3 Avenue, Xinqiao Street, Bao'an District, Shenzhen, Guangdong, China.

4      9.     Yongkang Jiankang Freight Co., Ltd. is a Chinese company, with a

5 principal place of business at No. 199-28, Xueyuan North Road, Economic

6 Development Zone, Yongkang, Jinhua, Zhejiang, China.

7      10.    Yongkang Baicongyu Trading Co., Ltd. is a Chinese company, with a

8 principal place of business at Fourth Floor, No. 11 Huangcheng 18th Street,

9 Huangchengli Village, Economic Development Zone, Yongkang, Jinhua, Zhejiang,

10 China.

11     11.    Upon information and belief, Defendant Hyperice IP Subco, LLC is a

12 Delaware limited liability company with its principal place of business at 525

13 Technology Drive, Suite 100, Irvine, California 92618.

14     12.    Upon information and belief, Defendant Hyperice IP Topco, LLC is a

15 Delaware limited liability company with its principal place of business at 525

16 Technology Drive, Suite 100, Irvine, California 92618.

17 **JURISDICTION AND VENUE**

18     13.    This action arises under the Declaratory Judgment Act, 28 U.S.C. §

19 2201, *et seq.*, the United States Patent Act, 35 U.S.C. § 1, *et seq.*, and the laws of the

20 state of California. This Court has subject matter jurisdiction over this action

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF    - 4 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because an actual case or controversy currently exists between the Parties regarding the subject matter of this action, and the Court would have subject matter jurisdiction over this action if Defendants initiated suit for patent infringement.

14. The Court has subject matter jurisdiction over the state law claims asserted in this action pursuant to 28 U.S.C. § 1367(a) because they are so related to the declaratory judgment claims that they form part of the same case or controversy.

15. The Court has personal jurisdiction over Hyperice IP Topco, LLC based on information and belief that Hyperice IP Topco, LLC is domiciled in California and within this judicial district.

16. The Court has personal jurisdiction over Hyperice IP Subco, LLC based on information and belief that Hyperice IP Subco, LLC is domiciled in California and within this judicial district.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

18. Hyperice's enforcement actions, including its complaints to Amazon, directly caused harm to Plaintiffs' business operations in this District by removing their product listings and obstructing their sales. Plaintiffs conduct business in this District, and their products are sold nationwide, including in California. Defendant's

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF                    - 5 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

actions have substantially interfered with Plaintiffs' ability to conduct business within this District, making venue proper.

## **FACTUAL BACKGROUND**

**A.    The Plaintiffs' Non-Infringing Products.**

19.    Plaintiff Shenzhen Kelaisiman Trading Co., Ltd. sells massage guns on Amazon under the storefront "shenzhenkelaisimanshangmaoyouxiangongsi." The corresponding Amazon Standard Identification Numbers ("ASINs") are B08TLWYKLS and B0BJDL4HJN.

20.    On or about May 9, 2025, Shenzhen Kelaisiman Trading Co., Ltd. received a notification from Amazon. This notice informed Shenzhen Kelaisiman Trading Co., Ltd. that Amazon removed shenzhenkelaisimanshangmaoyouxiangongsi's listing, ASINs B08TLWYKLS and B0BJDL4HJN, because of the alleged infringement of the ' 052 Patent. The rights owner's name is HYPERICE and its email address is barnold@hyperice.com.

21.    Plaintiff Shenzhen Chengmin Tax Agency Co., Ltd. sells massage guns on Amazon under the storefront "fovvgssoo." The corresponding ASINs are B08TLWYKLS and B0BJDL4HJN.

22.    On or about May 9, 2025, Shenzhen Chengmin Tax Agency Co., Ltd. received a notification from Amazon. This notice informed Shenzhen Chengmin Tax Agency Co., Ltd. that Amazon removed fovvgssoo's listing, ASINs

1  B08TLWYKLS and B0BJDL4HJN, because of the alleged infringement of the '052

2  Patent. The rights owner's name is HYPERICE and its email address is

3  barnold@hyperice.com.

4      23.     Plaintiff Shenzhen Haoke Health Technology Co., Ltd. sells massage

5  guns on Amazon under the storefront "Olsky." The corresponding ASINs are

6  B08TLWYKLS and B0BJDL4HJN.

7      24.     On or about May 9, 2025, Shenzhen Haoke Health Technology Co.,

8  Ltd. received a notification from Amazon. This notice informed Shenzhen Haoke

9  Health Technology Co., Ltd. that Amazon removed Olsky's listing, ASINs

10  B08TLWYKLS and B0BJDL4HJN, because of the alleged infringement of the '052

11  Patent. The rights owner's name is HYPERICE and its email address is

12  barnold@hyperice.com.

13     25.     Plaintiff Lishui Tianque New Energy Technology Co., Ltd. sells

14  massage guns on Amazon under the storefront "tianquexinnengyuan." The

15  corresponding ASINs are B0BFF5Y4F2 and B0BFF9N6QQ.

16     26.     On or about May 9, 2025, Lishui Tianque New Energy Technology

17  Co., Ltd. received a notification from Amazon. This notice informed Lishui Tianque

18  New Energy Technology Co., Ltd. that Amazon removed tianquexinnengyuan's

19  listings, ASINs B0BFF5Y4F2 and B0BFF9N6QQ, because of the alleged

20  infringement of the '052 Patent. The rights owner's name is HYPERICE and its

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF                - 7 -

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1    email address is barnold@hyperice.com.

2          27.      Plaintiff Yongkang Tiange Technology Co., Ltd. sells massage guns

3    on Amazon under the storefront "APHERMA." The corresponding ASINs are

4    B0BG4HY4PX and B09P1DV7D8.

5          28.      On or about May 9, 2025, Yongkang Tiange Technology Co., Ltd.

6    received a notification from Amazon. This notice informed Yongkang Tiange

7    Technology Co., Ltd. that Amazon removed APHERMA's listings, ASINs

8    B0BG4HY4PX and B09P1DV7D8, because of the alleged infringement of the '052

9    Patent. The rights owner's name is HYPERICE and its email address is

10   barnold@hyperice.com.

11         29.      Plaintiff Shenzhen Aifeier Medical Technology Co., Ltd. sells

12   massage guns on Amazon under the storefront "Eiffel Technology." The

13   corresponding ASINs are B0BG4HY4PX and B09P1DV7D8.

14         30.      On or about March 7, 2025, Amazon removed Eiffel Technology's

15   listings, ASINs B0BG4HY4PX and B09P1DV7D8, which belong to Plaintiff

16   Shenzhen Aifeier Medical Technology Co., Ltd., because of the alleged

17   infringement of the '052 Patent.

18         31.      Plaintiff Yongkang Jiankang Freight Co., Ltd. sells massage guns on

19   Amazon under the storefront "jiankanghuo." The corresponding ASINs are

20   B0DGQ3XVRY and B0DGPV2D2F.

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF                    - 8 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

32. On or about March 7 and May 9, 2025, on separate occasions, Amazon removed jiankanghuo's listings, ASINs B0DGQ3XVRY and B0DGPV2D2F, which belong to Yongkang Jiankang Freight Co., Ltd., because of the alleged infringement of the '052 Patent.

33. Plaintiff Yongkang Baicongyu Trading Co., Ltd. sells massage guns on Amazon under the storefront "Bai Cong Yu." The corresponding ASINs are B0D7HV9TQS and B0D7HTKGGM.

34.    On or about May 9, 2025, Yongkang Baicongyu Trading Co., Ltd. received a notification from Amazon. This notice informed Yongkang Baicongyu Trading Co., Ltd. that Amazon removed Bai Cong Yu's listings, ASINs B0D7HV9TQS and B0D7HTKGGM, because of the alleged infringement of the '052 Patent. The rights owner's name is HYPERICE and its email address is barnold@hyperice.com.

35.    The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for massage guns, Plaintiffs need their products listed in the Amazon marketplace. Amazon has removed Plaintiffs' massage guns from the marketplace, preventing Plaintiffs from accessing their largest channel of trade because of Defendants' alleged infringement complaint to Amazon. Thus, Defendants' submission of Amazon infringement complaint has caused immediate and substantial harm to

1  Plaintiffs.

2  **B.      U.S. Patent NO. 12,208,052.**

3        36.      The '052 Patent lists Hyperice IP Subco LLC as the applicant and

4  assignee. *See* Exhibit 1, the '052 Patent, cover page.

5        37.      The '052 Patent is entitled "Massage device with a releasable

6  connection for a massaging head" and claims "A percussive massager comprising:

7  [...] a drive mechanism that determines a predetermined stroke length of the piston;

8  a quick-connect system [...] allows a proximal end of the first massaging head to be

9  inserted into or removed from the bore while the piston reciprocates the

10  predetermined stroke length at the first speed." *See* Exhibit 1 at 10:4-11.

11        38.      The application for the '052 Patent was filed on July 1, 2024, and the

12  patent was issued on January 28, 2025.

13        39.      Claim 1 is the only independent claim of the '052 Patent.

14        40.      Claim 1 requires:

15              a drive mechanism that determines a predetermined stroke length of

16              the piston.

17  *See* Exhibit 1 at 10:4-5.

18        41.      Claim 1 also requires:

19              a quick-connect system comprising the distal end of the piston and a

20              first massaging head, wherein the quick-connect system allows a

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF                              - 10 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1    proximal end of the first massaging head to be inserted into or

2    removed from the bore while the piston reciprocates the

3    predetermined stroke length at the first speed;

4    42.    The '052 Patent is alleged to be a continuation of application No.

5  18/466,702, which is a continuation of U.S. Patent No. 11,857,482 ("the '482

6  Patent").

7    43.    In the prosecution history of the '052 Patent, the patent examiner

8  stated that the claims of the '052 Patent and the '482 Patent, "[a]lthough not

9  identical, are not patentably distinct from each other" because "the claims of

10 the '482 Patent recite all of the limitations of the pending claims."

11 **C.    HYPERICE Interfered with Plaintiffs' Sales Via Amazon.com by**

12 **Abusing the APEX and Erroneously Accusing Plaintiffs' Non-Infringing**

13 **Products of Patent Infringement.**

14    44.    Upon information and belief, in or about March or April 2025, shortly

15 after the '052 Patent was issued, HYPERICE initiated an Amazon Patent Evaluation

16 Express Procedure  ("APEX") based on Claim 1 of the '052 Patent against certain

17 third-party massage guns sellers (not Plaintiffs) on Amazon.com.

18    45.    Upon information and belief, HYPERICE obtained a decision in the

19 APEX that the patent owner, HYPERICE, was  likely to prove that certain third-

20 party massage guns infringes Claim 1 of the '052 Patent.

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF                    - 11 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

46.    Upon information and belief, as a result of the decision from the APEX, the third-party massage guns were delisted from Amazon.

47.    Upon information and belief, on or about May 9, 2025, based on the APEX decision, HYPERICE filed complaints with Amazon against Plaintiffs' Non-Infringing Products.

48.    The Non-Infringing Products do not infringe the '052 Patent because, at least, they do not include a drive mechanism that determines a predetermined stroke length of the piston, as required by all claims of the '052 Patent.

49.    The Non-Infringing Products do not infringe the '052 Patent because, at least, they do not include a quick-connect system that allows a proximal end of the first massaging head to be inserted into or removed from the bore while the piston reciprocates the predetermined stroke length at the first speed, as required by all claims of the '052 Patent.

50.    On or about May 9, 2025, Amazon delisted the Plaintiffs' Non-Infringing Products without any prior notice, based on HYPERICE's infringement complaints.

51.    Under the Amazon Patent Evaluation Express Procedure ("APEX"), "If there is litigation pending on a patent subject to a proposed or pending Evaluation, Amazon may decide not to initiate or suspend an Evaluation until the completion of that litigation." *See* Exhibit 2, Amazon Patent Evaluation Express

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF                    - 12 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1 | Procedure, at 1. In practice, Amazon will not initiate or suspend an Evaluation until

2 | the completion of that litigation.

3 | 52.   HYPERICE abused APEX system against Plaintiffs using the '052

4 | Patent to initiate the APEX while pursuing district court patent litigations against

5 | many other massage gun competitors asserting the '482 Patent, which is not

6 | patentably distinct from the '052 Patent (both derive from the same "parent" patent

7 | application) and which contains the same key claim limitations.

8 | 53.   HYPERICE's complaints to Amazon have caused substantial

9 | damages and reputational harm to Plaintiffs. The delisting has already severely

10 | harmed Plaintiffs' business. Plaintiffs' lost sales of the delisted products amount to

11 | significant revenue each day and a significant portion of Plaintiffs' projected

12 | revenue. Furthermore, the delisting also led to declines in Plaintiffs' product reviews,

13 | ratings, and Amazon ranking, which results in lower product visibility in consumer

14 | searches.

15 | 54.   Based on the foregoing, a justiciable case or controversy exists

16 | between Plaintiffs and HYPERICE as to whether the Non-Infringing Products

17 | infringe the '052 Patent, and whether HYPERICE wrongfully abused the APEX by

18 | using the results of APEX actions against third-party massage guns to file

19 | complaints with Amazon, leading to the delisting of Plaintiffs' Non-Infringing

20 | Products. Plaintiffs therefore have filed this Complaint to redress the abuse of the

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

- 13 -

1  APEX, obtain declaratory judgments of patent noninfringement, and remedy the

2  damage to their business caused by HYPERICE's interference with Plaintiffs'

3  Amazon.com business.

4  **COUNT I**

5  **Declaratory Judgment of Non-Infringement – the '052 Patent**

6  55.    Plaintiffs repeat and reallege each of the preceding paragraphs as if

7  they are restated here and incorporate them by reference.

8  56.    The manufacture, use, offer for sale, sale, and/or import of Plaintiffs'

9  massage guns, including without limitation the Non-Infringing Products, have not

10  infringed and will not infringe, directly or indirectly, literally or under the doctrine

11  of equivalents, any valid claim of the '052 Patent.

12  57.    The Non-Infringing Products do not infringe the '052 Patent because,

13  at least, they do not include a drive mechanism that determines a predetermined

14  stroke length of the piston, as required by all claims of the '052 Patent.

15  58.    The Non-Infringing Products do not infringe the '052 Patent because,

16  at least, they do not include a quick-connect system that allows a proximal end of

17  the first massaging head to be inserted into or removed from the bore while the

18  piston reciprocates the predetermined stroke length at the first speed, as required by

19  all claims of the '052 Patent.

20  59.    An actual and justiciable case or controversy therefore exists between

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF                    - 14 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Plaintiffs and HYPERICE regarding whether the Non-Infringing Products have infringed the claims of the '052 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer of sale of the Non-Infringing Products do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '052 Patent. Plaintiffs are entitled to a judgment declaring that they have not infringed and will not infringe any claim of the '052 Patent.

## COUNT II

## Unfair Competition

60.    Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

61.    California statutory law prohibits acts of "unfair competition" including any "unlawful, unfair and fraudulent business act or practice." *Cal. Bus. & Prof. Code* § 17200.

62.    Upon information and belief, Amazon will not initiate or suspend an ongoing APEX for a patent that is the subject of pending federal district court litigation.

63.    The '052 Patent and the '482 Patent are not patentably distinct from each other, both derive from the same "parent" patent application and containing the same key claim limitations.

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF                    - 15 -

64.    HYPERICE initiated a district court lawsuit with one (the '482 Patent) while asserting the other (the '052 Patent) in the APEX process.

65.    For many top Amazon sellers, the prevailing strategy upon receiving an invitation for an APEX is to file a declaratory judgment action to terminate or suspend the APEX.

66.    To circumvent this issue, HYPERICE selected relatively small sellers in the massage gun category of Amazon for the APEX proceeding with the '052 Patent. HYPERICE subsequently leveraged the favorable outcomes to target the top sellers, including the Plaintiffs.

67.    Leveraging the success of the APEX decision against third-party massage guns, HYPERICE abused APEX by submitting infringement complaints based on the '052 Patent against Plaintiffs' Non-Infringing Products. This abuse of the APEX decision led Amazon to delist Plaintiffs' Non-Infringing Products without providing Plaintiffs the opportunity to assert any defenses.

68.    As a direct and proximate result of HYPERICE's unfair competition, Plaintiffs have been, and continue to be, materially harmed in an amount to be proven at trial and in a manner that cannot be fully measured or compensated in economic terms alone. Such irreparable harm will continue unless HYPERICE's acts are restrained and enjoined during and after this action.

### **COUNT III**

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF    - 16 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

**Tortious Interference**

69.    Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

70.    HYPERICE knowingly and intentionally interfered with Plaintiffs' valid and existing business relationships and expectancy of sales of their massage guns, including the Non-Infringing Products, via Amazon.com for an improper purpose and by improper means, causing Amazon to remove the ASINs for the Non-Infringing Products. This interference resulted in damages from Plaintiffs' lost sales of the Non-Infringing Products and associated products.

71.    By abusing the APEX system, HYPERICE intentionally interfered with and caused the termination of Plaintiffs' ability to sell the Non-Infringing Products on Amazon.com through improper means.

72.    HYPERICE lacked an objectively reasonable basis to leverage the results of its APEX actions against third-party products to accuse the Plaintiffs' Non-Infringing Products of infringing the '052 Patent that HYPERICE knew or should have known are not infringed by the Non-Infringing Products.

73.    As a direct and proximate result of HYPERICE's tortious interference, Plaintiffs have suffered damages, including significant lost sales of the Non-Infringing Products and other massage guns, resulting in lost revenue and profits directly attributable to those lost sales. The exact amount of these damages will be

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF                    - 17 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1 | proven at trial and cannot be fully measured or compensated in economic terms
2 | alone.

3 | **PRAYER FOR RELIEF**

4 | WHEREFORE, Plaintiffs pray for the following relief:

5 | 1. A judgment declaring that the manufacture, use, offer for sale, sale,
6 | and/or importation of Plaintiffs' products have not infringed and will not infringe,
7 | directly or indirectly, literally or under the doctrine of equivalents, any valid claim
8 | of the '052 Patent;

9 | 2. A permanent injunction enjoining HYPERICE from asserting the '052
10 | Patent against Plaintiffs' Non-Infringing Products;

11 | 3. An award of monetary damages sufficient to compensate Plaintiffs for
12 | Defendants' tortious conduct and unfair competition;

13 | 4. An order awarding Plaintiffs' costs and reasonable attorney's fees as
14 | permitted by law; and

15 | 5. Such other and further relief as this Court may deem just and proper.

16 |

17 | **DEMAND FOR JURY TRIAL**

18 | Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial
19 | by jury on all claims and issues so triable.

20 |

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1

2    DATED:  May 14, 2025                **SHM LAW FIRM**

3                                        By:    *Qianwu Yang*
                                              _____
4                                             QIANWU YANG  (Cal. Bar No. 336610)
                                              yang@shm.law
5                                             YI YI (Cal. Bar No. 353482)
                                              yi.yi@shm.law
6                                             SHM LAW FIRM
                                              3000 El Camino Real
7                                             Building 4, Suite 200
                                              Palo Alto, CA 94306
8                                             Telephone: (650) 613-9737

9                                             Jing Chen (State Bar No. 357313)
                                              chenjingitc@lantai.cn
10                                            LANTAI PARTNERS (QIANHAI) LAW
                                              FIRM T1-702A, Qianhai Kerry
11                                            Centre,Qianhai
                                              Blvd, Qianhai Shenzhen-Hong Kong Modern
12                                            Service Industry Cooperation
                                              Zone, Nanshan ,Shenzhen, China 518052
13                                            Telephone: +86 135 2872 3799

14                                            Attorney for Plaintiffs
                                              *Shenzhen Kelaisiman Trading Co., Ltd.,*
15                                            *Shenzhen Chengmin Tax Agency Co., Ltd.,*
                                              *Shenzhen Haoke Health Technology Co.,*
16                                            *Ltd.,*
                                              *Lishui Tianque New Energy Technology Co.,*
17                                            *Ltd.,*
                                              *Yongkang Tiange Technology Co., Ltd.,*
18                                            *Shenzhen Aifeier Medical Technology Co.,*
                                              *Ltd.,*
19                                            *Yongkang Jiankang Freight Co., Ltd., and*
                                              *Yongkang Baicongyu Trading Co., Ltd.*

20

COMPLAINT FOR                                                **SHM LAW FIRM**
DECLARATORY JUDGMENT                          3000 El Camino Real, Building 4, Suite 200
AND OTHER RELIEF              - 19 -                      Palo Alto, CA 94306
                                                            (650) 613-9737